IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| ESTATE OF KEANDRE BOST, Deceased, )<br>By Andre Corrothers, Administrator )<br>c/o Law Offices of Tyresha Brown-O'Neal )<br>1220 W. Sixth Street, Ste. 308 )<br>Cleveland, Ohio 44113 )<br>)<br>Plaintiff, )<br>)<br>-vs- )<br>)<br>FRANKLIN COUNTY/FRANKLIN )<br>COUNTY BOARD OF )<br>COMMISSIONERS, Kevin Boyce, John )<br>O'Grady, and Erica Crawley )<br>373 South High Street, 26th Floor )<br>Columbus, Ohio 43215 )<br>)<br>FRANKLIN COUNTY SHERIFF, )<br>Dallas L. Baldwin )<br>373 South High Street )<br>Columbus, Ohio 43215 )<br>)<br>FRANKLIN MEDICAL CENTER )<br>1990 Harmon Avenue )<br>Columbus, Ohio 43223 )<br>)<br>ARMOR HEALTH OF OHIO LLC C/O )<br>CT CORPORATION SYSTEM )<br>4400 Easton Commons Way, Ste. 125 )<br>Columbus, Ohio 43219 )<br>)<br>GRANT MEDICAL CENTER )<br>111 S. Grant Avenue )<br>Columbus, Ohio 43215 )<br>)<br>CORRECTIONAL OFFICER STEPHEN )<br>WITHROW )<br>373 South High Street )<br>Columbus, Ohio 43215 )<br>)<br>CORRECTIONAL OFFICER JACKIE ) | CASE NO.:<br><br>JUDGE:<br><br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| LUCAS | ) |
| 373 South High Street | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| CORRECTIONAL OFFICER JUSTIN | ) |
| COFFEY | ) |
| 373 South High Street | ) |
| Columbus, Ohio 43215 | ) |
| | ) |
| And | ) |
| | ) |
| JOHN AND JANE DOES I-XX | ) |
| | ) |
| Defendants. | ) |

1. Keandre Bost, a twenty-one year old man, was a pretrial detainee at the Franklin County Corrections Center I (FCCCI) from September 23, 2021 to December 7, 2021. Jail employees failed to provide Mr. Bost with necessary mental health care and medication and failed to take necessary steps to prevent his suicide. As a result, Keandre attempted suicide by hanging in his cell during the month of November of 2021. On December 7, 2021, Mr. Bost again attempted suicide in his jail cell and succumbed to his injuries therefrom on December 11, 2021. This is a civil rights, premises liability, and wrongful death action seeking monetary damages and injunctive relief on behalf of the Estate of Keandre Bost. The medical staff who failed to adequately assess Keandre's mental health condition, correctional officers who ignored Keandre's obvious signs of mental disturbances, and Franklin County are liable for Keandre Bost's death and the damages he and his Estate have suffered.

2. Franklin County Corrections Center I is operating in a state under which the safety of detainees/inmates are regularly placed in jeopardy. Despite boasting that the Franklin County Jail prioritizes inmate safety, the Sheriff routinely conceals the deaths occurring in its facilities. It appears Keandre Bost's, as well as other inmates, are subjected to ongoing patterns of

unconstitutional and deadly conditions of confinement within FCCC I, including violations of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, the Americans with Disabilities Act (ADA), and the Habitation Act. Defendants have long been on notice of the horrific conditions and constitutional deprivations occurring daily at FCCC I, yet have failed to timely or effectively remedy the deplorable state of affairs, which saw a rise in suicides in the Franklin County Jail of 1% to 4% between 2020-2021.[1] Defendant Franklin County is also liable for the damages suffered by Keandre Bost and his Estate. Franklin County's unconstitutional policies, practices, and customs in place at the time of the incident are the moving force behind the misconduct committed by Defendants Stephen Withrow, Jackie Lucas, Justin Coffey, and other unknown correctional officers and medical staff.

3. This is a civil right, premises liability, and wrongful death action seeking monetary damages and injunctive relief on behalf of the Estate of Keandre Bost.

**JURISDICTION AND VENUE**

4. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983 et seq; 42 U.S.C. §12131 (the "Americans with Disabilities Act"); §504 of the Rehabilitation Act of 1973 (§504); 29 U.S.C. §794; Judicial Code, 28 U.S.C. §§1331 and 1343(a); and the Constitution of the United States.

5. Supplemental jurisdiction over the related state law claims is invoked pursuant to 28 U.S.C. §1367.

6. Venue is proper in this District under 28 U.S.C. §1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to Plaintiff's claim also occurred in this judicial district.

---

[1] FCFSC_Suicide_2021_Report_v4.pdf (franklincountyohio.gov).

3

**PARTIES**

7. Andre Corrothers was appointed Administrator of the Estate of Keandre Bost, deceased, by the Probate Division of the Common Pleas Court of Franklin County, Ohio, Case No. 2022EST270281, on July 22, 2022. Mr. Corrothers is the father of Mr. Bost.

8. Defendant Franklin County ("County") was and is a political subdivision and unit of local government duly organized under the laws of the State of Ohio residing in the Southern District of Ohio acting under the color of law. Defendant Franklin County is a "person" under 42 U.S.C. §1983. Defendant Franklin County is the employer and principal of Defendant Stephen Withrow, Jackie Lucas, Justin Coffey, and other unknown correctional officers and medical staff and is responsible for the policies, practices, and customs of the Franklin County Corrections Center. Defendant Franklin County is further responsible for ensuring that all of the facilities, including the Franklin County Correction Center I, are in compliance with federal and state law, department or agency policies, rules, and regulations, and related standards of care. Defendant Franklin County is a public entity within the meaning of Title II of the Americans with Disabilities Act, 42 U.S.C. §12131(1).

9. Defendants Kevin Boyce, John O'Grady, and Erica Crawley are, collectively, Franklin County Council Members. The Franklin County Council has an administrative decision over all county employees. At all times relevant, herein, the Franklin County Jail employees and officers operated under the direction and supervision of the Franklin County Council members. Defendants Franklin County Council members are being sued in their individual and official capacities.

10. Dallas L. Baldwin ("Sheriff") is the chief jailer of Franklin County. As such, he has charge of the Jail and all persons confined therein. He is statutorily charged with the responsibility to keep such persons safe, attend to the jail according to the standards for jails in Ohio, as promulgated by

the Ohio Department of Rehabilitation and Corrections (ODRC). He is further mandatorily charged with the responsibility to follow all applicable federal and state laws and shall adhere to the United States Constitution. Defendant Dallas L. Baldwin is being sued in his individual and official capacity.

11. Franklin Medical Center is a corporation and was at all times relevant to this action, nursing and medical services provider under contract with Franklin County, providing medical and pharmaceutical services in the Franklin County Jail in 2021. Franklin Medical Center is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. Franklin Medical center employed the nurses and doctors responsible for providing medical care to prisoners in the Franklin county Jail.

12. Armor Health of Ohio is a corporation and was at all times relevant to this actions nursing and medical services provider under contract with Franklin County, providing medical and pharmaceutical services in the Franklin County Jail in 2021. Armor Health of Ohio is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. Armor Health of Ohio employed the nurses and doctors responsible for providing medical care to prisoners in the Franklin county Jail.

13. Grant Medical Center is a corporation and was at all times relevant to this actions nursing and medical services provider under contract with Franklin County, providing medical and pharmaceutical services in the Franklin County Jail in 2021. Grant Medical Center is a "person" under 42 U.S.C. 1983 and at all times relevant to this case acted under color of law. Grant Medical Center employed the nurses and doctors responsible for providing medical care to prisoners in the Franklin county Jail.

14. Defendant Correctional Officer Stephen Withrow was, at all times relevant to the

allegations made in this Complaint, a duly appointed correctional officer employed by Franklin County, acting within the scope of his/her employment and under the color of state law. He is sued in his individual capacity.

15. Defendant Correctional Officer Jackie Lucas was, at all times relevant to the allegations made in this Complaint, a duly appointed correctional officer employed by Franklin County, acting within the scope of her employment and under the color of state law. She is sued in her individual capacity.

16. Defendant Correctional Officer Justin Coffey was, at all times relevant to the allegations made in this Complaint, a duly appointed correctional officer employed by Franklin County, acting within the scope of his employment and under the color of state law. He is sued in his individual capacity.

1. John and Jane Does I-V ("Does") are those individuals and entities who, at all relevant times, worked for the County and other corrections staff who worked inside or for the Jail during the period of Mr. Bost's incarceration. These individuals had a duty to provide Keandre with adequate correctional care. Does are also nurses, medical doctors, care givers, correctional healthcare workers, and those entities who employ and/or control other Does and/or other Defendants. Does are also those individuals or entities who are withholding information about Mr. Bost's incarceration and wrongful death despite a duty to release the information.

**FACTS**

2. On or about September 23, 2021, Keandre Bost was booked into the custody of Franklin County Corrections Center I (FCCC I or "Jail") as a pretrial detainee.

3. On September 23, 2021, Kimberly Wire classified Mr. Bost as a Category 2 inmate to be placed in SSI Housing.

6

4. On September 23, 2021, Stacey Ray assigned to Mr. Bost a "gang affiliation" alert.

5. On October 5, 2021, Benjamin Wotring created a notification that Mr. Bost should be kept separate from inmate Ryan Moore.

6. On October 8, 2021, Jacqueline Barber changed Mr. Bost's classification from Level 2 to Level 3.

7. On October 11, 2021 at 10:04AM, Benjamin Wotring moved Mr. Bost from cell 5ER2 to 5EL1 due to space issues.

8. On October 11, 2021 at 1:03PM, Benjamin Wotring moved Mr. Bost from 5E1 to 5W4 to "avoid problems" and a "keep separate" from Jumada Williams instruction was entered.

9. On October 15, 2021 at 3:37PM, Kennedy Holtman entered a notification Mr. Bost was moved from 5W4 to 5N2.

10. On October 15, 2021 at 3:54PM, Kristen Fredrickson entered a notification to keep Mr. Bost separate from inmate Melvin Christopher to avoid problems.

11. On October 15, 2021 at 7:20PM, Shannyn Kitchen entered a notification that Mr. Bost would be moved from 5W4 to 4EL1 to avoid problems.

12. On October 16, 2021 at 12:33AM, Theresa Erwin entered a note that Mr. Bost was transported from the Jail to the Hospital with Deputies Hale and a nurse. At 2:48PM, Samantha Dickey entered a note that Mr. Bost was to be admitted to the hospital.

13. On October 16, 2021 at 1:31AM and 1:42AM, Theresa Erwin entered a notification to keep Mr. Bost separate from Christian Dillon, Carlos Favours, Ernest Murphy, Corey McGee, Tyree Stark, Timmaree Crawley, Roshan Cumberlander, and Darnell Walton.

14. On October 17, 2021, Samantha Dickey documented that Mr. Bost had returned from the hospital and was to be housed in 1MU2 until he was seen by medical.

15. On October 17, 2021, Shannyn Kitchen entered a note that Mr. Bost was to be placed in a medical single cell until cleared by medical.

16. On October 20, 2021, Kennedy Holtman created a note that Mr. Bost may return to general population as he no longer needed single cell medical housing.

17. On November 9, 2021 at 8:40PM, Michael Blakely moved Mr. Bost to 7NL9 to avoid problems and, at 8:47PM, Mr. Bost was sent by ER Squad to the hospital with Deputies Fowler and Boyd where he was admitted after attempting to hang himself.

18. On November 14, 2021 at 12:02AM, Chanel Caudill entered a note that Mr. Bost was to be placed on safety watch for mental health evaluation once he returned from the hospital.

19. On November 14, 2021 at 2: 10PM, Mr. Bost returned from Grant Medical Center where he was placed on safety watch with a gown and blanket only.

20. On November 15, 2021 at 4:56AM, Therese Erwin made a note that Mr. Bost was to be removed from safety watch after receiving mental health authorization.

21. On November 15, 2021 at 7:38AM, Brittany Litman entered a note indicating that Mr. Bost would be removed from safety watch, only to enter a note instructing staff to disregard the message at 8:10AM and 12:42PM.

22. On November 17, 2021, Jason Oneto discharged Mr. Bost from safety watch and placed him on mental health evaluation.

23. On November 19, 2021, Jeremy Dech indicated that Mr. Bost would be removed from Mental Health Observation, per mental health authorization, from 1MU to 7WL1.

24. On November 23, 2021 at 5:11PM, Kennedy Holtman entered a note that Mr. Bost was in need of mental health observation, per mental health, would be allowed to have jail clothes, a mat, and a safety blanket, and would be housed in 1MU.

25. On November 23, 2021 at 6:02PM, Kennedy Holtan entered a note that Mr. Bost would be kept separate from inmates Raheem Williams and Rashad Short for fighting.

26. On November 24, 2021, Mr. Bost was discharged from mental health observation per mental health authorization and moved from 1MU2 to 8EL1.

27. On November 27, 2021 at 2:33AM, Theresa Erwin moved Mr. Bost from 8EL1 to 8NL12 due to an alleged fight and an entry to keep Mr. Bost separate from inmates Robert Humphrey and Logan Cowan was made.

28. On November 29, 2021, Lewis Schrader held two disciplinary hearings for several jail violations that resulted in Mr. Bost being sentenced to a total of twenty-five (25) days in disciplinary lockdown with loss of privileges including commissary order.

29. On December 1, 2021 at 6:12PM, Jeremy Dech entered a note indicating that Mr. Bost had returned from the hospital although it is uncertain when Mr. Bost initially went to the hospital.

30. On December 3, 2021 at 3:51PM, Mr. Bost was moved from 8NR#12 to 8NR#11.

31. On December 7, 2021, Defendants Stephen Withrow and Jackie Lewis were assigned to the 8th floor of the Franklin County Corrections Center 1.

32. Based upon information and belief, Defendants Withrow and Lewis conducted their final watch tour and headcount at 10:40PM.

33. Based upon information and belief, Defendant Justin Coffey began his first watch tour and initial headcount at 11:19PM.

34. Based upon information and belief, at approximately 11:23PM, Mr. Bost was discovered by Defendant Coffey hanging from his cell bars with a sheet around his neck.

9

35. After being cut down from the bars, chest compression Mr. Bost was transported to Grant Medical Center. Life-saving attempts failed, and Mr. Bost was taken off of life support on December 11, 2021 at Grant Medical Center.

36. By the time of his suicide, Mr. Bost had been moved over ten (10) times.

37. By the time of his suicide, jail staff had been instructed to keep Mr. Bost away from twenty (20) inmates.

38. By the time of his suicide, Mr. Bost had amassed the following alerts: Safety Watch; Mental Health Observation, Pending Disciplinary, SSI, Gang Affiliation, Medical Housing, and Single Cell Housing.

39. By the time of his suicide, Mr. Bost had been taken to the hospital on at least three prior occasions, one of which was in response to a prior suicide attempt on November 9, 2021.

40. On November 9, 2021, Keandre Bost attempted suicide by hanging and was hospitalized.

41. Upon entry to the Jail, Mr. Bost informed staff of his mental illness, including his previous suicide attempts. He also informed Jail staff that he required psychiatric treatment, including medication.

42. December 7, 2021, Deputy Justin Coffey found Keandre Bost with a sheet tied around his neck and the other end attached to the bars of his cell.

43. After being cut down from the bars, chest compression Mr. Bost was transported to Grant Medical Center. Life-saving attempts failed, and Mr. Bost was taken off of life support on December 11, 2021 at Grant Medical Center.

44. Despite Defendants' knowledge of Keandre Bost's despondency, his need for mental health care, and risk of injury, they were deliberately indifferent to his risk of suicide.

45. Still medical staff employed by Defendants Franklin Medical Center, Armor Health of Ohio, and Grant Medical Center repeatedly gave mental health authorizations clearing Mr. Bost to return to general population despite his consistent state of mental health crisis.

46. The Defendants failed to offer or procure appropriate intervention and precautions for Keandre's serious, immediate, and life-threatening conditions.

47. Defendants jointly agreed and/or conspired with one another, and others, to complete false, misleading, and incomplete official reports and to give a false, misleading, and incomplete version of the events to certain superiors and the public in order to cover up their own misconduct and failure to properly monitor Mr. Bost.

48. All of the actions of the Defendants and their named and unnamed co-conspirators, as set forth above and below, were taken jointly, in concert, and with shared intent.

49. All Defendants had a duty to care for and protect Mr. Bost while he was in their custody, and they failed to do so.

50. Defendants were deliberately indifferent to protecting Mr. Bost from harm and failed to prevent said harm, further failed to provide urgently needed medical and mental health care. Their conduct was unreasonable in failing to protect Mr. Bost from harm.

51. Upon information and believe, no correctional officer has been disciplined in any way as a result of the conduct, acts, or omissions described in this Complaint.

52. As a direct and proximate result of these Defendants' actions, as detailed above, Keandre Bost and his heirs suffered, inter alia, injury, pain, distress, loss of love, affection, society, companionship, and consortium as well as other injuries as a result of his death and the continuing loss of his life.

11

53. The injuries suffered by Keandre Bost were all preventable had Defendants not engaged in illegal conduct in violation of his fundamental rights.

**Unconstitutional Conditions at the Franklin County Corrections Center.**

54. Defendant Franklin County ("the County") is responsible for the Franklin County Corrections Center 1 (FCCC 1), including the care and treatment of Detainees/Inmates – like Keandre Bost – in custody therein. The County is required to ensure that the policies, practices, and customs of the FCCC comply with federal and Ohio law concerning the treatment of persons in custody.

55. The County's track record of operating the FCCC 1 demonstrates continued indifference and longstanding, systemically unconstitutional operations procedures leading to the suicide of inmates therein.

56. Upon information and belief, numerous people have died in FCCC 1, including Keandre Bost, and at least four (4) people attempted suicide while in FCCC 1 from 2019 to present. The rates of in-custody deaths, deprivations of basic human rights, and safety of Detainees/Inmates and staff alike have all reached concerning levels.

57. The community has raised its concerns about the transparency of the Sheriff's department in notifying the public of jail deaths, particularly suicides in the jail.

**DAMAGES**

96. As a direct and proximate result of the acts set forth in this complaint, Keandre Bost sustained pain and suffering prior to his death.

97. As a further direct and proximate result of the wrongful death of Keandre Bost, his survivors and/or heirs and family have suffered damages, including but not limited to, the loss of his support, services, and society, including lost companionship, care, assistance,

attention, protection, advice, guidance, counsel, instruction, training, and education, as well as pecuniary losses.

98. As a further direct and proximate result of the wrongful death of Keandre Bost, the Decedent's survivors and/or heirs have suffered damages, including but not limited to, grief, depression, and severe emotional distress.

## CLAIM I:
## 42 U.S.C. 1983
**(Against Defendants Franklin Medical Center, Armor Health of Ohio, Grant Medical Center, Stephen Withrow, Jackie Lucas, Justin Coffey and John and Jane Does I-XX)**

99. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

100. Plaintiff alleges an action pursuant to the Fifth, Eighth, and Fourteenth Amendments against Defendants Stephen Withrow, Jackie Lucas, Justin Coffey, and John and Jane does I-XX .

101. Keandre Bost was in a special relationship with the Defendants, within the meaning of the case law interpreting 42 U.S.C. §1983 and Fifth Amendment, which guarantees equal protection of the laws and prohibits any person acting under color of law, from subjecting any person in custody to punitive conditions of confinement without due process of law.

102. Defendants, acting under color of law, intentionally and with conscious, callous, and unreasonable indifference deprived Mr. Bost of his constitutional rights to due process and equal protection.

103. The Defendants' above-described conduct, acts and/or omissions constitute deliberate indifference to Mr. Bost's serious medical needs, was unreasonable and violated his rights under the Fifth Amendment and Fourteenth Amendments to the United States Constitution to due process of law and equal protection, and violated 42 U.S.C. §1983.

104. Defendants' conduct, actions and/or omissions were the direct and proximate cause

13

of the violations of Mr. Bost's Fifth Amendment and Fourteenth Amendment rights, his mental suffering, anguish, and other injuries.

105. Defendants are jointly and severally liable for this conduct.

## CLAIM II:
### Discrimination and/or Failure to Accommodate Pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12131 et seq.
### (Against Defendant Franklin County/Franklin County Board of Commissioners)

106. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

107. Defendant has been, and is, a recipient of federal funds, and is covered by the mandate of Section 504 of the 1973 Rehabilitation Act (29 U.S.C. § 794). Section 504 requires that persons with disabilities be reasonably accommodated in their facilities, program activities, and services and reasonably modify such facilities, services, and programs to accomplish this purpose.

108. Further, Title II of the Americans with Disabilities Act (42 U.S.C. §§12131-12134) applies to Defendant and has essentially the same mandate as that expressed in §504.

109. The Franklin County Correctional Center I is a facility, and its operation comprises a program and service, for §504 and Title II purposes.

110. Defendant Franklin County failed and refused to reasonably accommodate Mr. Bost's mental disabilities and to modify their jail facilities, operations, services, accommodations and programs to reasonably accommodate his disability, in violation of Title II of the ADA and/or §504, when he was in their custody.

111. Defendant's failures cost Mr. Bost his life, and the violations of the ADA and/or §504 are the proximate cause of his death and the resulting damage to his estate.

112. Plaintiff's estate is entitled to recover for those damages sustained as described in this Complaint as a result of Defendants' violations of the ADA and §504 which caused his death.

113. Defendants are jointly and severally liable for this conduct.

## CLAIM III:
## 42 U.S.C. 1983 – MUNICIPAL LIABILITY
**(Against Defendant Franklin County/Franklin County Board of Commissioners)**

114. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

115. The actions of Defendants Stephen Withrow, Jackie Lucas, Justin Coffey, and John and Jane Does I-XX were taken pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant Franklin County, agents, and/or officials.

116. Defendant Franklin County, acting at the levels of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Mr. Bost's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant Franklin County, the Franklin County Corrections Center I, its agents, and/or officials had interrelated *de facto* policies, practices, and customs which include, *inter alia*:

    a. failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers, corrections officials and health care providers;

    b. failing to appropriately and timely identify serious mental health medical issues and needs of detainees like Mr. Bost;

    c. failing to appropriately recognize suicidal tendencies in detainees, like Mr. Bost, despite clear indications of such tendencies;

    d. failing to timely refer detainees like Mr. Bost for appropriate mental health medical services, despite clear indications of serious need; failing to place detainees like Mr. Bost on suicide watch even though known to be suicidal;

f. failing and refusing to adequately and timely communicate critical information regarding mental health, including risk of suicide;

g. failing and refusing to provide adequate care, treatment and/or supervision for potentially suicidal detainees like Mr. Bost;

h. failing and refusing to take adequate preventative measures upon discovery of suicidal tendencies of detainees like Mr. Bost;

i. failing and refusing to correct, discipline, and follow up on deficiencies noted in care, treatment and/or supervision of detainees; and/or

j. possessing knowledge of deficiencies in the policies, practices, customs and procedures concerning detainees, and approving and/or deliberately turning a blind eye to these deficiencies.

117. In particular, Jail correctional officers, health care providers, and other employees are not properly trained in how to intake, screen, identify, refer and/or handle detainees with mental health issues, including persons with suicidal tendencies or ideations to avoid exacerbation of their symptoms and to manage and control the mental and physical health of detainees, and to protect detainees in relation to these risk factors.

118. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged, inter alia, the failure to adequately observe detainees to identify problematic behavior and interrupt any suicide attempt, the failure to adequately screen detainees for mental health status and suicidal tendencies and related risks, the failure to provide preventative health care to avoid suicide, failure to respond appropriately to requests for mental health care and

expression of suicidal ideation, and the failure to provide adequate resuscitation equipment and training.

119. Further, the constitutional violations and damages to Mr. Bost that occurred as described herein were directly and proximately caused by the unofficial and/or official, tacit and/or expressed policies, customs, and practices; and otherwise, unconstitutional policies of authorized policy makers of the Defendants, who deliberately ignored subjecting detainees to unreasonable risk of harm, deliberately ignored violations of appropriate intake and screening procedures, and deliberately failed to supervise and control police officers, correctional officers and health care providers so as to prevent violations of detainees' rights.

120. Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged the Defendants to commit the aforesaid acts against Mr. Bost and therefore, acted as direct and proximate causes of said constitutional violations, and resulting injuries.

121. The foregoing policies, practices, customs, and omissions, maintained by Franklin County violated Mr. Bost's rights to due process under the Fourteenth and Fifth Amendments.

**CLAIM IV:**
**Negligence – Willful, Wanton and Reckless Conduct**
**(Against Defendants Franklin Medical Center, Armor Health of Ohio, Grant Medical Center, Stephen Withrow, Jackie Lucas, Justin Coffey and John and Jane Does I-XX)**

122. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

123. Defendants Stephen Withrow, Jackie Lucas, Justin Coffey, and John and Jane Does I-XX acted negligently when they violated their duty to exercise due care for Keandre Bost.

124. Defendants committed the acts alleged in this complaint in a reckless, willful and/or wanton manner while working as correctional officers at the FCCC I.

125. Defendants' misconduct directly and proximately caused the injuries and damages suffered by Keandre Bost as described above.

126. Defendants are jointly and severally liable for this conduct.

## CLAIM V:
## Wrongful Death Pursuant to Ohio Revised Code 2125.01-2125.03

127. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

128. Keandre Bost is survived by his heirs who have suffered and will continue to suffer, *inter alia*, pecuniary loss, loss of his aide, comfort, consortium, society, financial and other support, companionship, guidance and protection, as well the grief and sorrow from the loss of the love and affection of and for their loved one, and otherwise suffered damages to their detriment.

129. The wrongful death of Mr. Bost was proximately caused by the neglect, default, and/or willful, wanton, and/or reckless conduct of the Defendants.

130. The Defendant officers otherwise acted negligently, intentionally, and with malice and willful, wanton, and/or reckless indifference in committing the acts alleged in this complaint, which resulted in the injuries and wrongful death of Keandre Bost and his Estate.

131. As a direct and proximate result of the actions of the defendants in this complaint, Mr. Bost died on August 30, 2019, subjecting the defendants to liability pursuant to Ohio R.C. § 2125.02.

## CLAIM VI:
## (Survivorship Action)

132. All of the foregoing paragraphs are incorporated by reference and re-alleged as though fully set forth here.

133. Plaintiff further claims that as a direct and proximate result of the willful, wanton, reckless, and unconstitutional conduct of the Defendants as alleged herein, individually and/or jointly, and/or by and through their agents and/or employees, Keandre Bost was caused to suffer mental anguish and conscious physical pain and suffering prior to his death, for which compensation is sought.

134. The Defendants Franklin County/Franklin County Board of Commissioners, Sheriff Baldwin, Correctional Officers Withrow, Lucas, and Coffey, and John and Jane Does I-XX owed Mr. Bost a duty of care, they breached that duty, and their breach of duty was the proximate cause of Mr. Bost's death.

135. The Plaintiff brings this survivor action pursuant to Ohio Revised Code § 2305.21.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgement be entered in her favor on all counts and prays the Court award the following relief:

> A. Compensatory damages in an amount exceeding the jurisdictional amount in controversy requirement, to be determined at trial for the violation of Plaintiff's decedent's rights and his wrongful death;
>
> B. Punitive damages in an amount to be determined at trial for the Defendants' willful, wanton, malicious, and reckless conduct;
>
> C. Declaratory and injunctive relief against Franklin County enjoining unlawful policies, practices, and customs and ordering the institution of policies, procedures, and training for the Franklin County Correctional Center I to bring them into compliance with constitutional standards;
>
> D. Attorneys' fees and the costs of this action pursuant to law; and
>
> E. All other relief which this Honorable Court deems equitable and just.

**A JURY IS REQUESTED TO HEAR THIS MATTER.**

**DATE SUBMITTED: 12/27/2022**

                                      Respectfully submitted,

                                      /s/ Clarissa A. Smith
                                      Clarissa A. Smith (OH #0095891)
                                      Tyresha Brown-O'Neal  (OH #0084636)
                                      Lon'Cherie Billingsley (OH #0089450)
                                      1220 W. 6th Street, Suite 308
                                      Cleveland, Ohio 44113
                                      Phone: (440) 781.9307 | Fax: (216) 274.9915
                                      Email: Clarissa.a.smithesq@gmail.com
                                      *Counsel for Plaintiff*