UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Estate of Keandre Bost,

    Plaintiff,

    v.

Franklin County, *et al.*,

    Franklin County Defendants.

Case No. 2:22-cv-4476

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

Dallas L. Baldwin, the Franklin County Sheriff ("Sheriff Baldwin"), Franklin County ("Franklin County"), and its Board of Commissioners, Kevin Boyce, John O'Grady, and Erica Crawley ("Commissioners," collectively, "Franklin County Defendants"), move for judgment on the pleadings in this civil rights case. Mot., ECF No. 64. Similarly, Correctional Officers Stephen Withrow ("Withrow"), Jackie Lucas ("Lucas"), and Justin Coffey ("Coffey") ("Correctional Officer Defendants," together with Franklin County Defendants, "Defendants") move for judgment on the pleadings. Mot., ECF No. 60. For the following reasons, Defendants' motions are **GRANTED**.

### I.    FACTS[1]

The Estate of Keandre Bost ("Plaintiff") alleges the following. From September 23, 2021, to December 7, 2021, Keandre Bost ("Bost") was a pretrial

---

[1] The Court accepts Plaintiff's factual allegations as true for Defendants' motions. *See Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

detainee at Franklin County Corrections Center I ("FCCC I"). Am. Compl. ¶ 1, ECF No. 46. He informed "staff" of his mental illness and prior suicide attempts when he was booked into the jail. *Id.* ¶ 36. Bost was assigned various classification levels, moved cells multiple times, was transported to and from the hospital several times, was placed on and off safety watches and mental health observations, and attempted suicide during his time at the jail. *Id.* ¶¶ 36–65. All of those actions were taken by staff who are not named as Defendants. *See id.* Bost tragically hung himself in his jail cell on December 7, 2021, and died several days later. *Id.* ¶ 1.

Additional factual allegations concerning the specific Defendants are addressed below.

## II. STANDARD OF REVIEW

"A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) generally follows the same rules as a motion to dismiss the complaint under Rule 12(b)(6)." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Fritz*, 592 F.3d at 722 (citing *JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citations and quotation marks omitted)).

As with a 12(b)(6) motion, a claim survives a motion for judgment on the pleadings if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). The Court "must construe the complaint in the light most favorable to the [non-moving party]." *Engler v. Arnold*, 862 F.3d 571, 574 (6th Cir. 2017). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III. ANALYSIS

Plaintiff sues Franklin County Defendants in their official capacities only. Am. Compl. ¶¶ 9–10, ECF No. 46. Plaintiff sues Franklin County Defendants for deliberate indifference to serious medical needs, pursuant to 42 U.S.C. § 1983; discrimination under the Americans with Disabilities Act ("ADA"), and wrongful

death and survivorship under Ohio law. Am. Compl. ¶¶ 96–131, ECF No. 46. Franklin County Defendants move to dismiss each claim. Mot., ECF No. 64.

Plaintiff sues Correctional Officer Defendants in their individual capacities only. Am. Compl. ¶¶ 12–14, ECF No. 46. Plaintiff sues Correctional Officer Defendants for deliberate indifference to serious medical needs, pursuant to 42 U.S.C. § 1983; and wrongful death and survivorship under Ohio law. Am. Compl. ¶¶ 123–31, ECF No. 46. They also move to dismiss each claim. Mot., ECF No. 60.

The Court begins by addressing Plaintiff's federal claims before turning to the state-law claims.

**A.   Federal Claims**

  **1. Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983**

   **a. Franklin County Defendants**

The import of Plaintiff's § 1983 deliberate indifference claim against Franklin County Defendants is that Franklin County Defendants chose Armor Health of Ohio, LLC to provide medical services in Ohio's jails *knowing* that Armor Health of Ohio, LLC's parent company, Armor Correctional Health Services, Inc., had a history of providing inadequate medical care—to the extent that it had been expelled from multiple jails and even barred from operating in New York state. Am. Compl. ¶¶ 23–28, ECF No. 46. Therefore, Franklin County Defendants are liable for Armor Health of Ohio LLC's deliberate indifference to

Plaintiff's serious medical needs, because Defendant's "policy" of hiring Armor Health of Ohio, LLC was the "moving force" behind Armor Health of Ohio LLC's violation of Plaintiff's constitutional right. *Id.* ¶ 117.

This theory of liability is precluded by the Court's prior Opinion and Order, ECF No. 61, which found that the Amended Complaint failed to state that any employee of Armor Health of Ohio, LLC was deliberately indifferent to Plaintiff's serious medical needs. Because no Armor Health of Ohio, LLC employee violated Bost's constitutional rights, Franklin County Defendants likewise did not violate Bost's constitutional rights by choosing Armor Health of Ohio, LLC to provide medical care to Bost (and others). In other words, without an underlying violation by Armor Health of Ohio, LLC, there is nothing to hold Franklin County Defendants liable *for*. *See Chambers v. Sanders*, 63 F.4th 1092, 1101–02 (6th Cir. 2023) ("With no underlying rights violation plausibly established in their complaint, we affirm the district court's dismissal of [plaintiffs'] *Monell* claim against the city."); *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) ("There can be no liability under *Monell* without an underlying constitutional violation." (citation omitted)). Thus, Plaintiff's claim fails to the extent it alleges Franklin County Defendants' custom, practice, or policy was the moving force behind Armor Health of Ohio LLC's deliberate indifference to Plaintiff's serious medical needs.

Plaintiff also alleges municipal liability based on the deliberate indifference of Correctional Officer Defendants. Am. Compl. ¶ 116, ECF No. 46. Because

the Court finds, below, that Plaintiff fails to state a deliberate indifference claim against Correctional Officer Defendants, Franklin County Defendants are entitled to judgment on the pleadings on this theory of *Monell* liability as well.

In conclusion, Franklin County Defendants are entitled to judgment on the pleadings on all of Plaintiff's § 1983 deliberate indifference claims.

### b. Withrow, Lucas, and Coffey

Correctional Officer Defendants argue that the Amended Complaint lacks factual allegations that state a claim for deliberate indifference and, alternatively, that they are qualifiedly immune from a deliberate indifference claim.

As explained in the Court's prior Opinion and Order, to state an underlying Fourteenth Amendment claim for deliberate indifference to a pretrial detainee's serious medical need, a plaintiff must establish (1) that he "had a sufficiently serious medical need"[2] and (2) that "each defendant acted deliberately (not accidentally), and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Helphenstine v. Lewis Cnty.*, 60 F.4th 305, 317 (6th Cir. 2023) (cleaned up). In cases involving suicide, the second element (*i.e.*, the subjective prong) may be satisfied if the defendant "*recklessly overlooked* a pretrial detainee's strong likelihood of suicide—even if [the defendant] did not subjectively recognize it." *Lawler as next*

---

[2] No defendant disputes that the objective element was adequately pleaded, and the Court therefore does not address it.

*fried of Lawler v. Hardeman Cty., Tenn.*, No. 22-5898, 2024 WL 656912, at *1 (6th Cir. Feb. 16, 2024) (citing *Helphenstine*, 60 F.4th at 316–17).

Correctional Officer Defendants argue that the Amended Complaint lacks any factual allegations that, if true, would show they recklessly overlooked Bost's strong likelihood of suicide. Mot. 6–7, ECF No. 60. The Court agrees.

Although the Amended Complaint contains myriad factual allegations about other correctional officers taking various actions with respect to Bost, it is sparse on facts concerning Correctional Officer Defendants. Aside from alleging that Correctional Officer Defendants worked for Franklin County as correctional officers, acted during the pertinent timeframe within the scope of their employment and under color of law, and acted pursuant to official policies, Am. Compl. ¶¶ 8, 12–14, 116, the Amended Complaint is silent as to Correctional Officer Defendants' knowledge or involvement in the underlying events.

In fact, the Amended Complaint alleges that Withrow and Lucas[3] were assigned on the date in question to the floor on which Bost was housed and "conducted their final watch tour and headcount at 10:40 PM." Am. Compl. ¶¶ 66–67, ECF No. 46. Regarding Coffey, the Amended Complaint alleges that he "began his first watch tour and initial headcount at 11:19 PM" and discovered Bost hanging from his cell bars at 11:23 PM. *Id.* ¶¶ 68–69. It further alleges that each Correctional Officer Defendant untimely performed their rounds. *Id.* ¶ 91.

---

[3] Lucas was seemingly inadvertently referred to as "Lewis" in various parts of the Amended Complaint. *See id.* ¶¶ 66–67.

No other facts about Correctional Officer Defendants are contained in the Amended Complaint.

> Correctional Officer Defendants correctly assert:
>
> There are no facts alleged these officers were aware of the reasons or circumstances for Mr. Bost's movements throughout the jail. There are no facts alleged suggesting that they had any interactions with Mr. Bost prior to his suicide, or that they actually witnessed or noticed anything about Mr. Bost suggesting that he was about to commit suicide, to which they were deliberately indifferent. And there are no facts suggesting that the officers witnessed, were aware, or were informed that Mr. Bost was taking any action to commit suicide.

Mot. 6, ECF No. 60. Therefore, even taking as true the allegation that they performed their rounds late, the Amended Complaint does not adequately allege Correctional Officer Defendants recklessly overlooked a strong likelihood of suicide.

In response, Plaintiff argues that the Amended Complaint sufficiently alleges that Correctional Officer Defendants were aware of Bost's serious medical need, citing paragraph 75 of the Amended Complaint. That paragraph reads, "[d]espite Defendants' knowledge of Keandre Bost's despondency, his need for mental health care, and risk of injury, they were deliberately indifferent to his risk of suicide, particularly by hanging." Am. Compl. ¶ 75, ECF No. 46.

This allegation, however, is nothing more than a legal conclusion that Correctional Officer Defendants were deliberately indifferent to Bost's serious medical need. The phrase "despite Defendants' knowledge of Keandre Bost's despondency [and] his need for mental health care" cannot be construed as

plausibly alleging that Correctional Officer Defendants possessed knowledge of Bost's despondency or need for mental health care when the remaining factual allegations in the Amended Complaint show, at most, that *other* correctional officers had that knowledge. Not once does it allege that anyone, at any time, relayed information concerning Bost's mental state to Correctional Officer Defendants or that they independently became aware of the same.

Plaintiff's further contention—that it can be inferred from the Amended Complaint that Correctional Officer Defendants failed to timely perform their rounds in order to ease their work responsibilities—therefore is unhelpful. Whether the delay was caused by selfish reasons or not, the Amended Complaint simply does not plausibly allege that Correctional Officer Defendants delayed their rounds in circumstances in which they should have known of Bost's strong likelihood to suicide.

Because the Amended Complaint lacks facts that make plausible an allegation that any Correctional Officer Defendant knew or should have known of Bost's strong likelihood to suicide, the Amended Complaint fails to state a § 1983 deliberate indifference claim against any Correctional Officer Defendant, and they are entitled to judgment on the pleadings as to such claims.

2. **Discrimination Under the Americans with Disabilities Act**

The ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected

to discrimination by any such entity." 42 U.S.C. § 12132. "To make out a prima facie case under the ADA," a plaintiff must allege "that he has a disability; that he is otherwise qualified; and that he is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the program solely because of his disability." *Centaurs v. Haslam*, No. 14-5348, 2014 WL 12972238, at *1 (6th Cir. Oct. 2, 2014) (cleaned up).

Plaintiff's Amended Complaint contains the blanket allegation that Franklin County Defendants "failed and refused to reasonably accommodate [Plaintiff's] mental disabilities and to modify their jail facilities, operations, services, accommodations and programs to reasonably accommodate his disability . . . when he was in their custody." Am. Compl. ¶ 100, ECF No. 46. It does not, however, provide any details about how Plaintiff was excluded from participating, or denied the benefits of, any jail service, program, or activity. Nor does it describe the purported accommodation he required to permit participation in such service, program, or activity.

Moreover, the wrongful denial of mental health treatment, alone, "does not provide a basis for relief under the ADA." *Brown v. Ohio*, No. 1:17-cv-764, 2018 WL 798881, at *4 (S.D. Ohio Jan. 5, 2018) (citations omitted), *report and recommendation adopted by* 2018 WL 776268 (S.D. Ohio Feb. 8, 2018). That is, absent allegations of discrimination or failure to accommodate *because of a disability*, a mere deliberate indifference claim does not also state an ADA claim. *Centaurs*, 2014 WL 12972238, at *1 ("Centaurs alleged that he was being denied

medical treatment in violation of the ADA but did not allege that he was denied treatment *because* of his disability."); *Whitley v. Mich. Dept. of Corr.*, 2022 WL 16847679, at * 3 (W.D. Mich. Nov. 10, 2022) ("[T]he ADA is not violated by a prison's simply failing to attend to the medical needs of its disabled prisoners, which is what Plaintiff alleges here." (cleaned up)); *Watson v. Mohr*, No. 2:17-cv-457, 2017 WL 6383812, at * (S.D. Ohio Dec. 14, 2017) ("Plaintiff fails to meet the pleading requirement, in part at least, because his ADA claim is merely an Eighth Amendment deliberate indifference claim in another statutory guise."), *report and recommendation adopted by* 2018 WL 836484 (S.D. Ohio Feb. 13, 2018).

Here, Plaintiff's Amended Complaint alleges the denial of mental health treatment but does not allege that Plaintiff was discriminated against, excluded from participation in, or denied the benefits of anything because of his disability. Plaintiff does not even attempt to argue otherwise in response to Franklin County Defendants' motion. Accordingly, Plaintiff's Amended Complaint fails to state a claim under the ADA, and that claim against Franklin County Defendants is **DISMISSED WITHOUT PREJUDICE**.

B. **State-Law Claims**

Having dismissed all federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well" (modified by *Rosado v.*

*Wyman*, 397 U.S. 397, 402–04 (1970)). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law claims against Armor Health of Ohio, LLC, Franklin County Defendants, and Correctional Officer Defendants.

### IV. CONCLUSION

This case is tragic. Still, to hold a defendant liable for deliberate indifference, a complaint must allege facts that make plausible an inference that *the specific defendant* either knew or should have known of the plaintiff's serious medical need. Plaintiff failed to allege such facts here. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's federal claims for failure to state a claim and **DISMISSES WITHOUT PREJUDICE** Plaintiff's state-law claims due to a declination of supplemental jurisdiction.[4] The Clerk shall terminate ECF Nos. 60 and 64 and close this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[4] Although Plaintiff requests leave to amend the Complaint in lieu of dismissal without prejudice, the request is not accompanied by any developed argument or a copy of the proposed Second Amended Complaint. Moreover, Plaintiff was already provided an opportunity to amend the Complaint to correct pleading deficiencies. *See* ECF Nos. 45, 43, and 46. As such, dismissal without prejudice is appropriate. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("Both because the plaintiffs did not present an adequate motion and because they did not attach a copy of their amended complaint, the district court did not abuse its discretion in refusing to allow the plaintiffs to amend their complaint based on the final sentence of the plaintiffs' memorandum in opposition.").